Brewster H. Jamieson, ABA No. 8411122
Michael B. Baylous, ABA No. 0905022
LANE POWELL LLC
301 W. Northern Lights Blvd., Suite 301
Anchorage, Alaska 99503-2648
Telephone: 907-264-3325
　　　　　　907-264-3303
Facsimile:　907-276-2631
Email:　　　jamiesonb@lanepowell.com
　　　　　　baylousm@lanepowell.com
Attorneys for Defendant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA AT ANCHORAGE

| | |
|---|---|
| JIRI LEXA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>LYNDEN TRANSPORT, INC.,<br><br>　　　　　　　　　Defendants. | Case No. 3:17-cv-00218-HRH<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Lynden Transport, Inc. ("Lynden"), gives notice of its bases and provides its statement for removal of the above-captioned action, originally filed in the Superior Court for the State of Alaska, Third Judicial District at Anchorage, under Case No. 3AN-17-07631 CI. The basis for removal is federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a). The following statement is submitted in accordance with 28 U.S.C. § 1446.

### I. JURISDICTIONAL REQUIREMENTS

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed

by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

On or about July 5, 2017, Plaintiff filed the Complaint. [October 13, 2017 Declaration of Cherri Webby, Ex. 1] Plaintiff contends that Lynden should have paid him overtime for operation of his truck while under contract with Lynden. Among other things, Plaintiff contends that Lynden violated the Fair Labor Standards Act (29 U.S.C. § 201 et seq.) [Compl. ¶¶ 3.1-3.9], and he seeks damages under federal law [Compl. Prayer for Relief]. Since Plaintiff's claim arises under federal law, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

28 U.S.C. § 1332(a) provides in relevant part: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States[.]"

Plaintiff is a resident of Alaska. [Compl. ¶ 1.1.] Lynden is incorporated under the laws of the State of Washington, and Seattle, Washington is where Lynden's officers direct, control, and coordinate the corporation's activities. [Webby Decl. ¶ 3] Thus, Lynden's "principal place of business" is Washington. *See Hertz Corp. v. Friend*, 559 U.S. 77, 92 (2010). Complete diversity between the parties exists. In the Complaint, Plaintiff does not specifically articulate the amount of damages he seeks. However, he has filed this action in Superior Court for the State of Alaska which has a jurisdictional minimum of $100,000. AS 22.10.020; AS 22.15.030. Because complete diversity exists between the parties and because the amount in controversy exceeds the statutory minimum, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332.

Because the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332, this action is removable to this Court pursuant to 28 U.S.C. § 1441.

## II. PROCEDURAL REQUIREMENTS

Venue. This Court is the United States District Court of the judicial district within which Plaintiff's action is pending. 28 U.S.C. § 1441(a).

Removal Is Timely. Lynden was served with the summons and Complaint on or about September 18, 2017. [Webby Decl. ¶ 2] Removal is timely.

Notice. Pursuant to 28 U.S.C. § 1446(d), a copy of this notice is being concurrently filed in the Superior Court of Alaska for the Third Judicial District at Anchorage and concurrently served upon the Plaintiff.

Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332, and the claims should be adjudicated in this Court, as the action is properly removed thereto under 28 U.S.C. §§ 1441 and 1446.

DATED this 13th day of October, 2017.

      LANE POWELL LLC
      Attorneys for Defendant

      By  s/ Brewster H. Jamieson
         Brewster H. Jamieson, ABA No. 8411122
         Michael B. Baylous, ABA No. 0905022

I certify that on October 13, 2017, a copy of the foregoing was served by mail and email on:

Isaac Derek Zorea, eyedz@gci.net
PO Box 210434, Anchorage, AK 99521-0434

s/ Brewster H. Jamieson

000000.0000/7082650.1